ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| YUNA CHOI, an individual;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation; DOES I through X; and ROE CORPORATIONS I through X;<br><br>　　　　Defendants. | CASE NO.: 2:20-cv-1329-RFB-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FOURTH REQUEST]** |

　　　　Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case ninety (90) days, up to and including Tuesday, February 22, 2022. In addition, the parties request that the all other future deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to Local Rule. In support of this Stipulation and Request, the parties state as follows:

　　　　1.　　On March 27, 2020, Plaintiff filed her Complaint in the Clark County District Court, Nevada.

　　　　2.　　On June 10, 2020, Plaintiff served the Complaint on the Nevada Department of Business and Industry, Division of Insurance.

4891-1023-3346.1

3. On July 17, 2020, Defendant filed its Petition for Removal.

4. On July 30, 2020, Defendant filed its Answer to Complaint (pursuant to stipulation extension (ECF No. 7)).

5. On August 19, 2020, the parties conducted an initial FRCP 26(f) conference

6. On September 2, 2020, the Court entered the Stipulated Discovery Order.

7. On September 30, 2021, Defendant served its FRCP 26 Initial Disclosures on Plaintiff.

8. On October 23, 2020, Plaintiff served her FRCP 26 Initial Disclosures on Defendant.

9. On November 19, 2020, Defendant served written discovery on Plaintiff. Plaintiff served her responses on December 30, 2020.

10. On November 24, 2020, Plaintiff served written discovery on Defendant. Defendant served its responses on January 6, 2021.

11. On December 30, 2020, Plaintiff served her first supplement to her FRCP 26 Disclosures.

12. On March 29, 2021, Counsel conferred regarding tentative deposition topics for an FRCP 30(b)(6) witness deposition of Defendant.

13. On March 31, 2021, Defendant noticed its intent to serve records subpoenas on Plaintiff's treatment providers and employer.

14. On April 14, 2021, Defendant deposed Plaintiff.

15. On April 14, 2021, Defendant re-noticed its intent to serve records subpoenas on Plaintiff's treatment providers and employer, as an administrative oversight caused the subpoenas not to have been served after Defendant noticed its intent to serve them on March 31, 2021.

16. On May 14, 2021, Defendant served a supplement to its FRCP 26 Initial Disclosures containing medical records and bills it had received as a result of its records subpoenas.

17. On August 16, 2021, Defendant served its second supplement to its FRCP 26 Initial Disclosures.

18. On August 31, 2021, Plaintiff underwent an Independent Medical Examination / Rule 35 Examination pursuant to the terms and conditions of her subject car policy with State Farm. This had been previously set for late July, but the provider had an unanticipated scheduling issue and the examination had to be postponed.

19. On September 27, 2021, Defendant served its third supplement to its FRCP 26 Initial Disclosures.

20. On September 27, 2021, Defendant served its Designation of Expert Witness.

21. On October 12, 2021, served its fourth supplement to its FRCP 26 Initial Disclosures.

22. On October 21, 2021, Defendant served its first supplement to Designation of Expert Witness.

23. On November 9, 2021, Defendant served its fifth supplement to its FRCP 26 Initial Disclosures, which included almost 7,000 pages of documents and over a terabyte of data.

## DISCOVERY REMAINING

1. The parties will continue participating in written discovery.
2. Plaintiff will take the deposition of Defendant's FRCP 30(b)(6) witness and/or the claims specialist.
4. The parties may take the depositions of any and all other witnesses garnered through discovery.
5. The parties will designate initial expert witnesses.
6. The parties may designate rebuttal expert witnesses.
7. The parties may depose expert witnesses.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose

or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

The parties seek additional time to complete discovery for several reasons, none of which are for an improper purpose or for the purpose of delay. Primarily, the parties have encountered scheduling issues as to Plaintiff's deposition of Defendant's FRCP 30(b)(6) witness. First, Defendant's production of claim handling guidelines (produced pursuant to the parties' stipulated protective order) took longer than anticipated. These documents are voluminous – almost 7,000 pages – and comprise over a terabyte of data. With Defendant-employees continuing to work remotely and certain of defense counsel's employees working remotely, these production processes has been unusually time-consuming. Thus, to afford Plaintiff's counsel sufficient time to review these documents, the parties believe the FRCP 30(b)(6) witness deposition must be postponed. Second, defense counsel's staffing resources underwent an unexpected shift as a senior partner announced their departure, and the undersigned will be assuming their case load. As such, defense counsel requires this extension to accommodate a very sudden doubling of cases, all of which are in various stages of active litigation. Thus, additional time is necessary to adequately prepare the FRCP 30(b)(6) deposition. As this FRCP 30(b)(6) witness testimony pertains to Defendant's handling of the subject UIM claim, said deposition needs to occur sufficiently in advance of the expert designation deadlines. Accordingly, the parties request an extension of the current discovery deadlines to allow the parties an opportunity to develop in full their respective cases in chief.

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>. LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3.

This is the fourth request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons for the short extension.

The following is a list of the current discovery deadlines and the parties' proposed

extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | *Monday, February 7, 2022* | *Monday, May 9, 2022* |
| Deadline to Amend Pleadings or Add Parties | *Closed* | *Closed* |
| Expert Disclosure pursuant to FRCP26(a)(2) | *Monday December 13, 2021* | *Monday, March 14, 2022* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Wednesday, January 12, 2022* | *Tuesday, April 12, 2022* |
| Dispositive Motions | *Monday, March 14, 2022* | *Monday, June 13, 2022* |
| Joint Pretrial Order | *Monday, April 11, 2022* | *Monday July 11, 2022*<br><br>*(If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.)* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4891-1023-3346.1

5

WHEREFORE, the parties respectfully request that this Court extend the discovery period by ninety (90) days from the current deadline of February 7, 2022 up to and including May 9, 2022 and the other dates as outlined in accordance with the table above.

DATED this 9th day of November, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/  Cheryl A. Grames
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*

DATED this 9th day of November, 2021.

MARKMAN LAW

/s/  David A. Markman
DAVID A. MARKMAN
Nevada Bar No. 12440
4484 S. Pecos Rd., Ste. 140
Las Vegas, Nevada 89121
*Attorneys for Plaintiff YUNA CHOI*

**ORDER**

IT IS SO ORDERED:

Dated this __10th__ day of __November__, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**